FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30186 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00131-EFS-1 |
| v. | |
| JAMES DOUGLAS SCOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted August 30, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior
District Judge.[**]

James Scott appeals his conviction on two counts of Assault of an Employee

of the United States Government While Engaged in the Performance of Official

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Paul L. Friedman, Senior United States District Judge
for the District of Columbia, sitting by designation.

Duties in violation of 18 U.S.C. § 111(a)–(b). The charges arose out of his assault of two nurses at the Veterans Affairs Medical Center ("VAMC") in Spokane, Washington.

The district court did not err in quashing Scott's subpoenas for hospital policies and procedure manuals, and personnel files. The requested documents were not relevant to any plausible theory of the defense. The district court also did not err in denying a jury instruction on self-defense because there was no basis in the evidence to support such an instruction. An attacker cannot claim self-defense as a justification for an assault that was prompted by nonviolent behavior. *United States v. Acosta-Sierra*, No. 10-50575, 2012 WL 3326623, at *12 (9th Cir. Aug. 15, 2012); *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011).

There was no abuse of discretion in the district court's exclusion of a sociologist's expert testimony on "total military institution." The court held a hearing before concluding that the witness's expertise did not relate to the issues in Scott's case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (knowledge of expert has to be able to assist jurors in deciding the particular issues of the case).

Scott also contends that the district court erred in admitting testimony of a Veterans Affairs investigator to authenticate and explain the defendant's military

2

records.  The agent did not testify as an expert, and the records did not require a custodian for authentication under Federal Rule of Evidence 901(b)(4).  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002).  The defense was free to cross-examine the agent regarding those terms in the records with which he may have been unfamiliar.

The district court did not err in responding in the negative to the jury's question concerning whether alcoholism, by itself, could be considered a severe mental disease or defect for purposes of the insanity statute.  *See* 18 U.S.C. § 17 (2006).  The evidence presented at trial did not support this theory.  *See United States v. Whitehead*, 896 F.2d 432, 435 (9th Cir. 1990).

The district court properly awarded the VAMC restitution to compensate it for the two nurses' lost income due to the injuries resulting from Scott's assault. The district court may have misstated the law when it said that 18 U.S.C. § 3664(g)(1) precluded a request for an independent medical examination of Malcolm Best.  This did not prejudice Scott because he had ample opportunity to rebut the government's restitution calculation, and the district court correctly rejected his arguments as implausible.

**AFFIRMED**.